Filed 3/9/2020 3:16 PM
Amy Fincher, County Clerk
Angelina County, Texas
By: Nathan Johnson,
Deputy Clerk

070-20-CV
**NO. ________**

| | | |
|---|---|---|
| **BERNARD RAY CRUMP** | § | **IN THE COUNTY COURT AT LAW** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. ________** |
| | § | |
| **NATIONAL GENERAL INSURANCE** | § | |
| **COMPANY** | § | |
| **Defendant.** | § | **ANGELINA COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Bernard Ray Crump, hereinafter called Plaintiff, complaining of and about National General Insurance Company, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2. Plaintiff, Bernard Ray Crump, is an Individual whose address is 131 Cris Rd, Lufkin, Texas 75901.

3. The last three numbers of Bernard Ray Crump's driver's license number are 421. The last three numbers of Bernard Ray Crump's social security number are 852.

4. Defendant National General Insurance Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CORPORATION SERVICE COMPANY, at 211 EAST 7TH STREET SUITE 620, AUSTIN, TX 75701, its registered office. Service of said

and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

12. On or around July 18, 2019, Plaintiff damaged his 1995 Ford Unihome travel motor home in a one vehicle accident involving impact with a landscape boulder.

13. During all relevant times, the 1995 Ford had insurance coverage provided by Defendant.

14. An insurance claim was established with Defendant; wherein there was a partial denial due to Defendant's claim of rusting which would not be covered under the existing policy.

15. The damage to be repaired was caused solely by the impact with the landscape boulder and the rusting only served to limit the damage; a finding which resulted from inspection and investigation by a professional engineer.

16. The rust was not a contributing factor in what needs to be repair, the repairs in the estimate would have been required due to the collision on July 18, 2019, rust or not; again evidenced by the inspection and investigation by a professional engineer.

**DECEPTIVE TRADE PRACTICES**

17. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

18. Unconscionable Action or Course of Action. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by

Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

19. Unfair Claim Settlement Practices. Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

20. Producing Cause. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

21. Reliance. Plaintiff would further show the acts, practices and/or omissions complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

22. Written Notice Given. Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated December 26, 2019, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

**COMMON LAW FRAUD**

23. Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment.

24. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

**ECONOMIC AND ACTUAL DAMAGES**

25. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a) Loss of use.

(b) Costs of repairs.

(c) Remedial costs and/or costs of completion.

**MULTIPLE DAMAGES**

26. Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

27. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

28. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

**ATTORNEY'S FEES**

29. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; and, (c) common law.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bernard Ray Crump, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: ______________________________

Larry G. Byrd
State Bar No. 03561000
lbyrd@williamsandbyrd.com
Williams & Byrd
3201 S. Medford Dr. Suite 6
Lufkin, TX 75901
Tel: (936) 639-3191
Fax: (936) 634-8200
Attorney for Plaintiff
Bernard Ray Crump

FILED
February 24, 2020 10:52 O'CLOCK A.M.
Reba Squyres
Clerk of District Court
Angelina County, Texas
By: Crawford, Brittany
Deputy

NO. CV-00653-11-07

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN COUNTY COURT AT LAW |
| | § | |
| M.S.L. | § | NUMBER ~~2~~ 1 |
| | § | |
| A CHILD | § | ANGELINA COUNTY, TEXAS |

**Order to Appear**

Respondent, Brandy Necoal Jeffrey Reeves, is ORDERED to appear and respond to this Motion for Enforcement in County Court at Law No. ~~2~~, 1 Angelina County, Texas on March ~~20~~ 10, 2020 at 11:00 a.m. The purpose of this hearing is to determine whether the relief requested in this motion should be granted.

SIGNED on February 24, 2020.

JUDGE PRESIDING

Marquist Taylor
3201 S. Medford Dr
Ste 6 (B)
Lufkin, Tx 75901

7014 1820 0001 6619 8011

UNITED STATES POSTAGE
PITNEY BOWES
02 1P
$ 007.45⁰
0001826855 MAR 10 2020
MAILED FROM ZIP CODE 75901

Corporation Service Company
211 East 7th Street, Ste 620
Austin, Tx 75701

78701$3218 C015

Exhibit C